UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOIE DE VIVRE HOSPITALITY, LLC | CIVIL ACTION |
| VERSUS | NO: 18-7731 |
| SLUMBER CORNERS MASTER TENANT, LLC | SECTION: T(1) |

# ORDER

Before the Court is a Motion to Dismiss Counterclaimant Slumber Corners Master Tenant, LLC's Third-Party Complaint Pursuant to FRCP 12(b)(6) filed by Commune Hotels and Resorts, LLC ("Commune") and Two Roads Hospitality, LLC ("Two Roads") (collectively, "Third Party Defendants").[1] Slumber Corners Master Tenant, LLC ("Slumber") has filed an opposition.[2] For the following reasons, the Motion to Dismiss is **GRANTED.**

## FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit involves breach of contract claims related to a March 20, 2015 Hotel Management Agreement and a September 7, 2017 Termination and Release Agreement.[3] Pursuant to the Hotel Management Agreement, Joie De Vivre Hospitality, LLC ("JDV") agreed to operate and manage a New Orleans hotel (the "Troubadour") owned by Slumber.[4] To terminate the Hotel Management Agreement, JDV and Slumber entered into the Termination and Release Agreement, which provided that JDV would continue to operate the Troubadour for a short transition period and that Slumber would pay JDV a reduced compensation of $1,150,000 in several monthly

---

[1] R. Doc. 25.
[2] R. Doc. 35.
[3] R. Doc. 1.
[4] R. Doc. 13-1, Exhibit A.

1

installments.⁵ Slumber allegedly ceased making monthly payments after the first two installments, and JDV filed suit for breach of contract.⁶

Along with its answer, Slumber filed a counter claim against JDV and a third-party demand against Third Party Defendants.⁷ Commune is JDV's parent company, and Two Roads is Commune's parent company.⁸ Slumber asserts that Third Party Defendants are liable for "material breach of contractual and fiduciary duties, as well and good faith, fair dealing, and further constitutes unjust enrichment and unfair trade practices."⁹

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."¹⁰ Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.¹¹ To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"¹² In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings,¹³ and the documents attached to the complaint.¹⁴

A complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.¹⁵ The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded

---

⁵ R. Doc. 13-2, Exhibit B.
⁶ R. Doc. 1.
⁷ R. Doc. 13.
⁸ R. Doc. 25-1, p.1.
⁹ R. Doc. 13, ¶51.
¹⁰ Fed. R. Civ. P. 12(b)(6).
¹¹ *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc*., 677 F.2d 1045, 1050 (5th Cir. 1982).
¹² *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).
¹³ *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).
¹⁴ *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
¹⁵ *Ashcroft*, 556 U.S. at 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

factual allegations and drawing all reasonable inferences in plaintiff's favor.[16] On the other hand, courts may not rely on "legal conclusions that are disguised as factual allegations."[17] If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed.[18]

Slumber alleges that JDV breached its contractual obligation to not solicit any of the executive personnel to any other location within their system of hotels or the hotels operated by its parent company or associated companies by offering employment to a director of finance, sales manager, front office manager, and executive chef.[19] Slumber's allegations related to Third Party Defendants include:

> The personnel who were hired away from The Troubadour were placed at positions with JDV, COMMUNE and TWO ROADS. At least one of these people was employed at the Royal St. Charles Hotel, a property owned and/or operated by TWO ROADS less than one-half mile away from the Troubadour, and a competing hotel.[20]
>
> These hirings, in material breach of JDV's duties under the Termination and Release Agreement, worked to benefit JDV's parent company, COMMUNE HOTELS AND RESORTS, LLC and its parent company TWO ROADS HOSPITALITY, LLC, and worked to directly harm Plaintiff both at the time of the hirings and for months and years to follow.[21]
>
> JDV worked in conjunction with or at the direction of COMMUNE and/or TWO ROADS in hiring staff away from THE TROUBADOUR in material breach of its duties under the HNA and Termination and Release Agreement, and therefore, COMMUNE and TWO ROADS are liable to Plaintiff for the harms caused at their direction, or for their benefit.[22]

---

[16] *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (citing *Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 558 (5th Cir. 2002)).
[17] *Jeanmarie v. United States*, 242 F.3d 600, 603 (5th Cir. 2001) (citing *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)).
[18] *Twombly*, 550 U.S. at 555 (2007).
[19] R. Doc. 13, ¶43.
[20] R. Doc. 13, ¶45.
[21] R. Doc. 13, ¶46.
[22] R. Doc. 13, ¶47.

Third Party Defendants move to dismiss Slumber's claim for failure to state a claim because Slumber fails to allege the existence of a contract involving Third Party Defendants because they are not parties to the Termination and Release Agreement or the Hotel Management Agreement.[23] Third Party Defendants further assert that the allegation they benefitted from JDV's actions fails to establish any actionable conduct by Third Party Defendants. Third Party Defendants, therefore, request the Court dismiss the counterclaim against them without leave to amend.[24]

The Court agrees that Slumber has failed to state a claim for breach of contract against Third Party Defendants. Louisiana law and California law both require a plaintiff to allege the existence of a contract to state a claim for breach of contract.[25] Slumber fails to allege the existence of any contract with Third Party Defendants. The Court also agrees that the allegations in the third-party complaint fail to reveal any actionable conduct on the part of the Third Party Defendants. Simply being a parent corporation to an entity that allegedly breached a contract does not make the parent corporation liable for the breach. Consequently, Slumber's third-party complaint fails to allege facts to support a claim for relief against Third Party Defendants.

Slumber has requested the Court grant it leave to amend its complaint to remedy any deficiency the Court finds applicable.[26] The Fifth Circuit has instructed that a plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice.[27] Consequently, the Court finds Slumber should be given leave to amend its third-party complaint.

---

[23] R. Doc. 25-1.
[24] R. Doc, 25-1, p.13.
[25] *See Pac. Bay Recovery, Inc. v. California Physicians' Servs., Inc.* 12 Cal. App. 5th 200, 215 (2007); *See also Quality Flooring v. B.F. Constr. Co*., 56 So. 3d 395, 399 (La. App. 4th Cir. 2011).
[26] R. Doc. 30, p.8.
[27] *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 329 (5th Cir.2002).

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Dismiss Counterclaimant Slumber Corners Master Tenant, LLC's Third-Party Complaint Pursuant to FRCP 12(b)(6)[28] is **GRANTED**.

**IT IS FURTHER ORDERED** that Slumber Corners Master Tenant, LLC is granted leave to amend its third-party complaint by September 17, 2019 to remedy the deficiencies noted by the Court, if possible.

**New Orleans, Louisiana**, on this  3rd  day of September, 2019.

                                                                                       _____
                                                                                       **GREG GERARD GUIDRY**
                                                                                       **UNITED STATES DISTRICT JUDGE**

---

[28] R. Doc. 25.